IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAULA J. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  2:04-cv-1168-F |
| | ) | WO |
| KMART CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this case, plaintiff Paula Harris ("Harris"), alleges that on October 8, 2002, she

slipped and fell in the deli section of defendant Kmart's store in Montgomery, Alabama.  As

a result of the fall, Harris asserts that she "suffered serious physical injuries and permanent

disabilities."  (Compl., ¶ 11, p. 3).  She names as defendant Kmart Corporation.[1]  The court

has jurisdiction of this action pursuant to its diversity jurisdiction.  *See* 28 U.S.C. § 1332.

Now pending before the court is the defendant's motion for summary judgment.[2]  The

court issued an order directing the plaintiff to file a response to the motion for summary

judgment.  *See* Doc. # 10.  The time allotted the plaintiff to file a response to the motion for

summary judgment expired on July 28, 2005.  *Id*.  The plaintiff has filed nothing in response

to the motion for summary judgment.  After careful consideration of the motion, and for good

---

[1] The plaintiff also names fictitious defendants in her complaint.  However, fictitious parties are not permitted in federal court.

[2] On July 8, 2005, the defendant filed a motion to dismiss supported by attached exhibits.  *See* Doc. # 9.  Because the motion to dismiss relied on material outside the pleadings, the court construed the motion as and converted it into a motion for support judgment.  *See* Doc. # 10.

cause, the court concludes that the defendant's motion for summary judgment is due to be granted.

## THE SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c) summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[3] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323.  The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.  If the movant succeeds in demonstrating the absence of a material

---

[3]In *Celotex Corp.v. Catrett*, 477 U.S. 317 (1986), the court stated:

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial...We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . .

*Id.* at 324.

issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a genuine issue material to the non-movant's case exists. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11ᵗʰ Cir. 1993); *see also* FED. R. CIV. P. 56(e). ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact "is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11ᵗʰ Cir. 1997); *Harris v. Ostrout,* 65 F.3d 912 (11ᵗʰ Cir. 1995). However, if there is a conflict in the evidence, "the [plaintiff's] evidence is to be believed and all reasonable inferences must be drawn in his favor." *Anderson*, 477 U.S. at 255; *Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11ᵗʰ Cir. 2000). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine issue of material fact and the moving party is entitled to judgment

as a matter of law  FED. R. CIV. P. 56(c).  With these principles of law in mind, the court will

determine now whether summary judgment is appropriate and should be granted.

## DISCUSSION

On October 8, 2002, plaintiff Paula Harris was shopping in the deli section of the

Kmart Super Center on the East South Boulevard in Montgomery, Alabama.  As she reached

for pumpkins on the floor, Harris slipped on something wet, possibly pumpkin juice, and fell.

She landed on her backside and right elbow.

On January 22, 2002, Kmart filed for Chapter 11 bankruptcy protection in the United

States Bankruptcy Court for the Northern District of Illinois.  Pursuant to section 362 of the

Bankruptcy Code, Kmart's petition operated as an automatic stay of all litigation against

Kmart.  On April 23, 2003, the Bankruptcy Court approved a Plan of Reorganization and

lifted the automatic stay.  The Reorganization Plan became effective on May 6, 2003.

Pursuant to the court's order confirming the Plan, all administrative claims arising between

January 22, 2002 and May 6, 2003, were to be filed no later than forty-five days after the

effective date of the plan.  Notice of the Bar Date to file a claim was mailed to Harris at the

address provided by Harris' husband.  Consequently, Harris had until June 20, 2003, to file

a request for payment of her administrative claim.  Failure to file an administrative claim by

the 'bar date,' precludes Harris from obtaining recovery from Kmart.

It is undisputed that Harris did not file an administrative claim pursuant to the

Confirmation Order of the Bankruptcy Court.  It is further undisputed that her failure to file

a claim acts as a discharge of all claims against Kmart.  Consequently, the court concludes

that the defendant's motion for summary judgment should be granted and this case dismissed.

## CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that Kmart's motion for summary judgment (doc. # 9) be and is hereby

GRANTED and this case be and is hereby DISMISSED with prejudice.

DONE this 10th day of August, 2005.

/s/ Mark E. Fuller

CHIEF UNITED STATES DISTRICT JUDGE
